IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EXOTIC SMOKE & VAPE, a Utah limited liability company, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SPENCER J. COX, Governor of the State of Utah, in his official capacity, *et al*. <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:22-cv-408 <br><br> Howard C. Nielson, Jr. United States District Judge |

In March 2021, Utah enacted Senate Bill 189, the "Tobacco Retailer Amendments." As relevant here, Senate Bill 189 amended Utah Code §§ 10-8-041.6 and 17-50-33 to prohibit the operation of a "Retail tobacco specialty business" within "1,000 feet of a public or private kindergarten, elementary, middle, junior high, or high school" after July 1, 2022. *See* Utah Code § 10-8-041.6(7)(a)–(b), (e); § 17-50-333(7)(a)–(b), (e). Plaintiffs are Retail tobacco specialty businesses. *See* Dkt. No. 2 ¶ 1. On June 16, 2022, they brought suit alleging that the law constituted a regulatory taking; violated due process, the First Amendment, and the Supremacy Clause; and was unconstitutionally vague. *See id*. ¶¶ 228–78.

The complaint named as defendants in their official capacities Spencer Cox, the Governor of Utah; Nathan Checketts, the Executive Director of the Utah Department of Health; Angela Dunn, the Executive Director of the Salt Lake County Department of Health; and Eric Edwards, the Executive Director of the Utah County Health Department. *See id*. ¶¶ 21–24. The complaint also named as defendants Lehi City, Midvale City, Murray City, Salt Lake City, South

Salt Lake City, Taylorsville City, West Jordan City, and West Valley City. *See id.* ¶¶ 25–32. On the same day, the Plaintiffs moved for a temporary restraining order and preliminary injunction based on their regulatory taking claim. *See* Dkt. No. 3 at 4. The court has determined that oral argument is not necessary and "will determine [the] motion based upon the parties' written memoranda." DUCivR 7-1(g). For the following reasons, the court denies the motion.

It is well settled that *interim* equitable relief is only available when a plaintiff can obtain at least some *final* equitable relief. *Compare Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 310, 318–19, 325 (1999), *with De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945), and *Deckert v. Indep. Shares Corp.*, 311 U.S. 282, 289–91 (1940). In *Grupo Mexicano*, the Supreme Court thus concluded that the district court lacked the authority to issue a preliminary injunction freezing the defendant's assets because the underlying suit sought only damages and did not assert a lien or other equitable interest in those assets that could justify a final judgment awarding equitable relief. *See* 527 U.S. at 333.

It follows that Plaintiffs may obtain a preliminary injunction based on their regulatory takings claim only if they could obtain final equitable relief on that claim. But "[e]quitable relief is not available to enjoin an alleged taking of private property for a public use, duly authorized by law, when a suit for compensation can be brought against the sovereign subsequent to the taking." *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1016 (1984) (footnoted omitted). "As long as an adequate provision for obtaining just compensation exists, there is no basis to enjoin the government's action effecting a taking." *Knick v. Twp. of Scott*, 139 S. Ct. 2162, 2176 (2019). And "because the federal and nearly all state governments provide just compensation remedies to property owners who have suffered a taking, equitable relief is generally unavailable." *Id*.

2

Here, Plaintiffs can obtain just compensation through this Section 1983 action from the cities and counties who enforce the challenged law against them if Plaintiffs can establish these entities' liability for a regulatory taking. *See id*. at 2179; *cf. First Eng. Evangelical Lutheran Church of Glendale v. Los Angeles Cnty.*, 482 U.S. 304, 315–16 (1987).[1] To be sure, "neither a State nor its officials acting in their official capacities are 'persons'" amenable to suit "under § 1983," *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989), and sovereign immunity would bar a takings claim against a nonconsenting State in federal court in all events, *see Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1214 (10th Cir. 2019). But Plaintiffs may bring an inverse condemnation action against Utah in state court under Article I, section 22 of the Utah Constitution to recover just compensation for a regulatory taking. *See Gardner v. Bd. of Cnty. Comm'rs of Wasatch Cnty.*, 178 P.3d 893, 901–02 (Utah 2008), *abrogated on other grounds by Utah Res. Int'l, Inc. v. Mark Techs. Corp.*, 342 P.3d 761 (Utah 2014). Utah has expressly waived sovereign immunity for "any action brought under the authority of Utah Constitution, Article I, Section 22, for the recovery of compensation from the governmental entity when the governmental entity has taken or damaged private property for public uses without just compensation." Utah Code § 63G-7-301(2)(d); *see also Colman v. Utah State Land Bd.*, 795 P.2d 622, 635 (Utah 1990).

Because Plaintiffs can obtain just compensation through these avenues if they establish that they have suffered a regulatory taking, "[e]quitable relief is not available." *Ruckelshaus*, 467 U.S. at 1016. The court thus has "no authority to issue a preliminary injunction." *Grupo*

---

[1] It is well settled that municipalities are "persons" amenable to suit for purposes of Section 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). And because Plaintiffs have sued the county official defendants in their official capacity, it follows that Salt Lake and Utah Counties are effectively defendants in this action. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Tenth Circuit has made clear that the counties in Utah may be sued under Section 1983. *See, e.g.*, *Arnold v. Duchesne Cnty.*, 26 F.3d 982, 983 (10th Cir. 1994).

3

*Mexicano de Desarrollo S.A.*, 527 U.S. at 333.[2] Plaintiffs' motion is DENIED.

    IT IS SO ORDERED.

DATED this 28th day of June, 2022.
BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge

---

[2] Plaintiffs cite only a single case in support of their assertion that "[i]njunctive relief is not automatically foreclosed in regulatory takings matters, such as this one." Dkt. No. 34 at 6. In that case, the First Circuit did affirm the district court's preliminary injunction based on a claim for a regulatory taking. *See Philip Morris, Inc. v. Harshbarger*, 159 F.3d 670, 671–72 (1st Cir. 1998). But there is no indication in the First Circuit's opinion that the parties raised, or the court considered, whether final equitable relief was available or whether a preliminary injunction could issue absent the availability of final equitable relief. Certainly the court did not address these questions.